IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

J & B ENTERTAINMENT, D/B/A
BABE'S SHOW CLUB                                                    PLAINTIFF

vs.                                              Civil Action No. 3:06-cv-144WS

CITY OF JACKSON, MISSISSIPPI;
MAYOR FRANK MELTON, IN BOTH HIS
OFFICIAL AND INDIVIDUAL CAPACITIES;
SGT. WILLIAM GLADNEY, IN BOTH HIS
OFFICIAL AND INDIVIDUAL CAPACITIES;
DETECTIVE SAMUEL GARDNER, IN BOTH
HIS OFFICIAL AND INDIVIDUAL CAPACITIES;
AND JACKSON POLICE OFFICERS, JOHN
DOES ONE THROUGH TEN, IN BOTH THEIR
OFFICIAL AND INDIVIDUAL CAPACITIES                               DEFENDANTS

## FINAL JUDGMENT

Before the court is the presentation of the plaintiff J&B Entertainment, d/b/a Babe's Show Club (hereinafter the plaintiff or "Babe's") for damages against the City of Jackson, Mississippi, resulting from the conduct of former Mayor Frank Melton, Sgt. William Gladney and Detective Samuel Gardner which led to the improper closure of Babe's for a period of twenty-four days. Babe's request is for lost profits and consequential damages. Previously, on April 7, 2006, Babe's persuaded this court that defendants' closure of the establishment on March 11, 2006, supposedly under the auspices of Art. VII, Licensing and Regulation of Sexually Oriented Businesses, Ord. No. 2000-26(25), codified in Jackson, Mississippi, Code §§ 30-251 to 373, violated Babe's procedural and substantive due process rights guaranteed by the Constitution of

1

the United States. Finding that the law and facts supported Babe's claims, this court declared the defendants' closure of the establishment improper, allowed Babe's immediately to reopen for business, directed Babes to submit a proper six-page application for a sexually-oriented business license by April 14, 2006, and permitted the case to proceed on the merits of the constitutional claims. The defendants, the City of Jackson, Mississippi, Mayor Frank Melton, Sgt. William Gladney, Detective Samuel Gardner, and the Jackson Police Officers John Does One Through Ten, did not pursue an appeal of this court's grant of the plaintiff's request for injunctive relief. Now, the defendants concede the matter of liability to the plaintiff.

On March 24 and 25, 2009, this court conducted a bench trial solely on the issue of damages allegedly suffered by Babe's as a result of the defendants having closed the establishment for twenty-four (24) days, and for consequential damages allegedly suffered for the four month period following the reopening of Babe's. The parties presented widely divergent methods regarding the reasonable calculation of damages, the plaintiff claiming the amount $126,705.31 for the twenty-four days Babe's was closed, plus the cost of reestablishing the business over the following four month period after Babes' reopened. The defendants, following a completely different methodology, submitted that the amount of damages should not exceed $8,586.10.

This court has completed its review of all the facts, the expert testimony submitted by both sides and the law applicable to the damages requested by plaintiff. Plaintiff has shown by a preponderance of the evidence that it is entitled to an award of $84,574.36. The opinion of this court dated March 31, 2010, and the findings of fact and law included therein are incorporated by reference.

IT IS ORDERED AND ADJUDGED that plaintiff is entitled to recover the sum of $84,574.36 as actual and compensatory damages.

IT IS FURTHER ORDERED AND ADJUDGED that plaintiff is entitled to recover its taxable costs in this action upon filing a Bill of Costs in the time and manner prescribed.

**SO ORDERED AND ADJUDGED, this the 31st day of March, 2010.**

**S/HENRY T. WINGATE**

_____
**CHIEF JUDGE
UNITED STATES DISTRICT COURT**

Civil Action No. 3:06-cv-144WS
Final Judgment